**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 04a0161n.06
Filed: December 16, 2004

**No. 03-4380**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| MICHAEL BREGANT and LORENA WILKINS, | ) ) ) | |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| VICTOR VIGLUICCI, et al., | ) ) | |
| Defendants-Appellees. | ) | |

Before: DAUGHTREY, COOK, and FARRIS,[*] Circuit Judges.

**PER CURIAM.** The plaintiffs, Michael Bregant and Lorena Wilkins, appeal the district court's order granting summary judgment to the defendants, who are officers in the Ravenna (Ohio) Police Department, the City of Ravenna, and the county prosecutor. The complaint filed by the plaintiffs, pursuant to 42 U.S.C. § 1983, charged that on September 10, 2000, Ravenna police officers had used excessive force in arresting Bregant and had seized property belonging to Wilkins without probable cause; that the county prosecutor had advised the officers not to return Wilkins's property on an unspecified date; and that the City of Ravenna had "failed to institute and/or implement any type of overview for the misconduct of its officers involving acts of brutality or excessive force," all in violation of the plaintiffs' civil rights.

---

[*]The Hon. Jerome Farris, United States Circuit Judge for the Ninth Circuit, sitting by designation.

The complaint was filed on September 13, 2002, and resulted in motions to dismiss by the defendants, alleging that the it was not timely filed under Ohio's two-year statute of limitations, Ohio Revised Code § 2305.10. Plaintiff Bregant responded by claiming that the statute was tolled from September 10, 2000, at least through September 13, 2000, during which period he was hospitalized for viral encephalitis and meningitis, conditions that rendered him "of unsound mind." Wilkins claimed that she did not know that her property had been seized until Bregant was discharged from the hospital on September 14, 2000, and that she had demanded and was refused the return of her property on September 19, 2000, thus tolling the statute during that additional period of time. The district court found that the explanations given by both plaintiffs were legally inadequate to support application of tolling and dismissed the complaint.

Having studied the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in dismissing the complaint. Because the reasons why judgment should be entered for the defendants have been fully articulated by the district court, the issuance of a detailed opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we AFFIRM the judgment of the district court upon the reasoning set out by that court in its order dated September 26, 2003.